IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHELLE L. MCNEIL, M.G.F., and S.E.W.F.,

                Plaintiffs,

  v.

MONROE COUNTY, DIRECTOR PAM PIPKIN,
ADMINISTRATOR CATHERINE SCHMIT,
CORPORATION COUNSEL ANDREW KAFTAN, and
JUDGE J. DAVID RICE,

                Defendants.

OPINION & ORDER

16-cv-319-jdp

---

Pro se plaintiff Michelle L. McNeil has filed a complaint on behalf of herself and her minor children against defendants Monroe County, Pam Pipkin, Catherine Schmit, Andrew Kaftan, and Judge J. David Rice. Plaintiff alleges that defendants have violated plaintiff's constitutional rights in the course of setting and overseeing her divorce and child support arrangement in the Circuit Court for Monroe County, Wisconsin. The court granted plaintiff leave to proceed *in forma pauperis*. Dkt. 3.

The next step is for the court to screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. When screening a pro se litigant's complaint, the court construes the allegations liberally and in the plaintiff's favor. *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010).

Because plaintiff's claims are barred by the *Rooker-Feldman* doctrine, I must dismiss plaintiff's complaint.

ALLEGATIONS OF FACT

I draw the following facts from plaintiff's complaint. Dkt. 1.

Plaintiff and her ex-husband divorced several years ago. Since then, it appears that they have been in and out of state court, disputing child support and placement orders. Plaintiff and her ex-husband appear to have four children; the two minor children—M.G.F. and S.E.W.F.—live with plaintiff. Plaintiff's stated objective here is to ensure "adequate care and safety for her children." *Id.* at 7.

Plaintiff's complaint is long and confusing at times, but plaintiff clearly takes issue with how Monroe County has handled her and her ex-husband's requests to modify their child support arrangement. Plaintiff alleges that Monroe County officials have repeatedly granted her ex-husband's requests for review while denying hers, that they have favored her ex-husband by consistently reducing his support obligations, and that they have discriminated against her. Plaintiff alleges, among other things, that county officials: (1) deviated from their "standards" when they calculated her ex-husband's support obligations; (2) forced plaintiff to shoulder more than her fair share of the children's expenses; (3) miscalculated her income and, as a result, the child support obligations; (4) issued a bench warrant for her arrest when she failed to appear for a proceeding, even though a medical condition prevented her from appearing; (5) failed to respond to her emails; and (6) prevented her from making her case and submitting the evidence she had. Plaintiff alleges that the county has handled her case with "indifference, hostility, and unethical treatment," *id.* at 10, and that defendants have discriminated against her, applied a "double standard," bullied her, retaliated against her for being poor and disabled, and deprived her of equal protection under the law. Plaintiff specifically alleges that defendants Pam Pipkin,

2

Monroe County Child Support director, and Andrew Kaftan, Monroe County corporation counsel, have been working for her ex-husband, creating a conflict of interest. Plaintiff also implicates defendants Catherine Schmit, Monroe County administrator, and Judge J. David Rice, the Monroe County Circuit Court judge who presided over plaintiff's case.

Separately, plaintiff takes issue with how Monroe County handled a criminal case involving a suspected burglary. Plaintiff alleges that Juwan Wilderness (not named as a defendant here), plaintiff's neighbor, broke into her home and stole her property. (The Monroe County Circuit Court found Mr. Wilderness guilty of receiving stolen property. Monroe County Circuit Court No. 2012CM370.) Judge Rice presided over this case, too. Plaintiff complains that Judge Rice did not inform her that Mr. Wilderness had a prior sex offense, and that Judge Rice "defamed" plaintiff while being respectful toward Mr. Wilderness and appeared to value Mr. Wilderness's statements more than plaintiff's. Plaintiff alleges that Judge Rice has not "enforced" his order and has allowed Mr. Wilderness to continue to commit crimes.

ANALYSIS

One threshold issue before I address plaintiff's claims: plaintiff may not bring claims on behalf of her minor children. *See Bullock v. Dioguardi*, 847 F. Supp. 553, 560 (N.D. Ill. 1993) ("A parent may sue on behalf of his or her minor child as a next friend if the parent is represented by counsel and has no interests that conflict with those of the child."). Unless plaintiff obtains counsel, she may not bring claims on behalf of M.G.F. and S.E.W.F. But this point is insignificant, because plaintiff does not appear to bring any claims on behalf of her minor children that she does not bring herself.

3

Turning to plaintiff's claims, plaintiff is obviously unsatisfied with how Monroe County has handled her child support arrangement, and she clearly believes that Monroe County officials have discriminated against her. But this court does not have jurisdiction to evaluate the merits of the underlying state court proceedings. *See Lewis v. Anderson*, 308 F.3d 768, 772 (7th Cir. 2002) (The *Rooker-Feldman* doctrine established "the fact that lower federal courts do not have jurisdiction to conduct direct review of state court decisions."). "[T]he *Rooker-Feldman* doctrine 'precludes lower federal court jurisdiction over claims seeking review of state court judgments because no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment.'" *Taylor v. Fed. Nat'l Mortg. Ass'n*, 374 F.3d 529, 532 (7th Cir. 2004) (citation and internal alterations omitted). If plaintiff is requesting that this court review state court orders or child support/placement determinations, I do not have jurisdiction to do so, and I will dismiss those claims.

But the doctrine also prohibits federal district courts from exercising subject matter jurisdiction over claims that are "inextricably intertwined" with state court decisions. "The determination of whether a federal claim is 'inextricably intertwined' hinges on whether it alleges that the supposed injury was caused by the state court judgment, or, alternatively, whether the federal claim alleges an independent prior injury that the state court failed to remedy." *Brown v. Bowman*, 668 F.3d 437, 442 (7th Cir. 2012). Here, plaintiff attempts to allege separate, independent federal claims; plaintiff cites a variety of statutes and causes of action, but plaintiff's allegations most readily lend themselves to claims for equal protection and procedural due process violations. But even assuming that plaintiff has stated viable

Fourteenth Amendment equal protection and due process claims, these claims are inextricably intertwined with state court decisions.

Plaintiff alleges that the individual defendants' bias, discrimination, misconduct, and unethical behavior tainted the Monroe County Circuit Court child support determinations, and *these determinations* injured plaintiff. If plaintiff did not receive due process or equal protection under the law, those injuries are inextricably intertwined with the state court's authorization and oversight of plaintiff's child support arrangement. Plaintiff seeks a judgment from this court declaring that defendants' actions—and, as a result, the state court decisions—were unconstitutional. It is not possible for this court to adjudicate plaintiff's claims without revisiting the propriety of the state court's actions. The state court system provides a means for plaintiff to appeal these actions, but a federal court cannot review them. For these reasons, I must dismiss this case. If plaintiff wants to challenge these decisions, she must pursue review in Wisconsin state court.

ORDER

IT IS ORDERED that:

1. Plaintiff Michelle L. McNeil's case is DISMISSED.
2. The clerk of court is directed to close the case.

Entered August 19, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge