IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHELLE L. MCNEIL, M.G.F., and S.E.W.F.,

                      Plaintiffs,

     v.

MONROE COUNTY, DIRECTOR PAM PIPKIN,
ADMINISTRATOR CATHERINE SCHMIT,
CORPORATION COUNSEL ANDREW KAFTAN, and
JUDGE J. DAVID RICE,

                      Defendants.

ORDER

16-cv-319-jdp

---

On May 12, 2016, pro se plaintiff Michelle L. McNeil filed a complaint on behalf of herself and her minor children against defendants Monroe County, Pam Pipkin, Catherine Schmit, Andrew Kaftan, and Judge J. David Rice. Plaintiff alleged that defendants violated her constitutional rights in the course of setting and overseeing her divorce and child support arrangement in the Circuit Court for Monroe County, Wisconsin. On August 19, 2016, I dismissed plaintiff's claims as barred by the *Rooker-Feldman* doctrine. Dkt. 4.

Now plaintiff moves for reconsideration. Dkt. 6. Plaintiff contends that the *Rooker-Feldman* doctrine does not bar her claims because she alleges civil rights violations; she is not asking for "judicial review." *Id.* at 1. Plaintiff represents that she does not want this court to reverse any state court decisions; rather, she claims that defendants denied her and her minor children "services and protection" because they were prejudiced against her. Plaintiff suffers from depression, is indigent, and "the town [k]new [her] ex [husband]." *Id.*

The *Rooker-Feldman* doctrine primarily applies when plaintiffs directly challenge state court judgments; I do not have jurisdiction to review state court decisions. But the doctrine extends further, to claims that are "inextricably intertwined" with state court decisions. I

explained this important extension of the doctrine in my previous order, but I will attempt to explain it even more clearly, so that plaintiff may understand why her claims cannot be brought in this court.

I understand that plaintiff does not want me to reverse any state court decisions. I understand that plaintiff wants me to find that defendants—Monroe County and its employees—violated her constitutional rights and discriminated against her. But the violations that plaintiff identifies are intimately related to state court decisions and proceedings. And I cannot determine that defendants violated plaintiff's constitutional rights without reviewing and questioning state court decisions and weighing whether I believe the state court acted appropriately. The state court decisions—allegedly colored by bias, discrimination, and due process violations—injured plaintiff. If plaintiff did not receive due process or equal protection under the law, those injuries are inextricably intertwined with the state court's authorization and oversight of plaintiff's child support arrangement. It is not possible for this court to adjudicate plaintiff's claims without revisiting the propriety of the state court's actions. Even if plaintiff is not asking me to overturn those decisions.

Plaintiff obviously feels that defendants discriminated against her and dehumanized her, and that is unfortunate indeed. But she must raise these issues with the state court, not here. As I explained in my previous order, "the *Rooker-Feldman* doctrine 'precludes lower federal court jurisdiction over claims seeking review of state court judgments because no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment.'" *Taylor v. Fed. Nat'l Mortg. Ass'n*, 374 F.3d 529, 532 (7th Cir. 2004) (citation and internal alterations omitted). I am not saying that defendants did not violate

2

plaintiff's constitutional rights; I am saying that this court is not the appropriate place for those claims. The state court appeals process is the way to correct errors in state court proceedings.

One note about plaintiff's claims against Judge Rice. Plaintiff contends the my previous order did not address the fact that Judge Rice "allowed" an individual, Juwan Wilderness, to return to his home next door to plaintiff's after he broke into her home. I do not think plaintiff is a bad person because she feels that she had been treated unfairly by a judge. But I cannot give her the relief she asks for. First, although I cannot be sure what exactly happened in the criminal proceedings that plaintiff references, I am certain that the *Rooker-Feldman* doctrine bars these claims, too. Plaintiff is challenging the way that a state court judge adjudicated a criminal proceeding. Second, even if *Rooker-Feldman* did not bar plaintiff's claims concerning Judge Rice and Juwan Wilderness, Judge Rice is shielded by judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 9 (1991) ("A long line of this Court's precedents acknowledges that, generally, a judge is immune from a suit for money damages. Although unfairness and injustice to a litigant may result on occasion, it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." (internal citations and quotation marks omitted)).

For these reasons, I must deny plaintiff's motion for reconsideration.

ORDER

IT IS ORDERED that plaintiff Michelle L. McNeil's motion for reconsideration, Dkt. 6, is DENIED. Per plaintiff's request, I will direct the clerk's office to return plaintiff's case filings to her.

Entered August 30, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge